# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| KENNETH MOBLEY, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 2:22-cv-02276-SHM-tmp |
| | ) | |
| WARDEN BOWERS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DISMISSING CERTAIN PLAINTIFFS; DENYING REQUEST FOR PRODUCTION OF TRUST FUND STATEMENT; DIRECTING PLAINTIFFS TO COMPLY WITH 28 U.S.C. §§ 1914(a) & 1915(a) OR PAY THE $402 CIVIL FILING FEE; AND DIRECTING PLAINTIFFS FREEMAN AND SMITH TO SIGN COMPLAINT

On May 2, 2022, a *pro se* civil complaint was filed pursuant to 42 U.S.C. § 1983 by eight inmates: Kenneth Mobley, Eric Reese, Ronald Freeman, Rodney Wadley, Randy Agnew, Eric Brown, Gary Childress, and Brett Smith.[1]  At the time the complaint was filed, all eight plaintiffs were purportedly confined at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis").

The complaint was filed against the FCI Memphis Warden and other Federal Bureau of Prisons employees.  It is reasonably construed to allege a deprivation of various federal constitutional rights, including but not limited to, denial of the rights to liberty, to be protected from cruel and unusual punishment, of access to the courts, and to religious exercise.  The Court liberally construes the complaint as arising under *Bivens v. Six Unknown Named Agents of the Fed.*

---

[1] Plaintiffs did not provide their Bureau of Prisons ("BOP") register numbers.

*Bureau of Narcotics*, 403 U.S. 388 (1971); *see Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 n.1 (6th Cir. 2000) (*Bivens* actions arise from violations of an individual's federal constitutional rights by one acting under color of federal law).

Under the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides a prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. § 1915(b)(2). However, to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the six months immediately preceding the filing of the complaint. § 1915(a)(2). The Plaintiffs did not pay the filing fee,[2] and only Mobley has submitted a motion to proceed *in forma pauperis*. (*See* ECF No. 2.)

Plaintiffs Mobley, Freeman, and Smith appear to be the only plaintiffs who are currently incarcerated at FCI Memphis. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed Nov. 21, 2022). The remaining Plaintiffs have not provided the Court with changes of address and have not signed the complaint. It appears they have abandoned this action. Plaintiffs Reese, Wadley, Agnew, Brown, and Childress are

---

[2] The civil filing fee is $350. 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires an additional administrative fee of $52 for filing any civil case. That additional fee will not apply if leave to proceed *in forma pauperis* is ultimately granted.

2

**DISMISSED** without prejudice from this action pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

**Plaintiff Mobley**

Plaintiff Mobley signed the complaint and has submitted an *in forma pauperis* affidavit. (ECF No. 2.) However, he has failed to submit a copy of his trust account statement for the relevant period. Plaintiff Mobley moves the Court to order the prison to provide the Court with his six-month financial statements and asserts that his request has been refused. (*See* ECF No. 2-1.)

Plaintiff Mobley has not demonstrated his efforts to obtain a trust account statement from the prison. Plaintiff Mobley's request for an order requiring the prison to produce a trust account statement (ECF No. 2-1) is **DENIED**.

Plaintiff Mobley is **ORDERED** to submit, within 30 days after the date of this order, either his proportionate share of the $402 civil filing fee or a certified copy of his inmate trust account statement for the last six months. If he needs additional time to submit his trust account statement, he may, within 30 days after the date of this order, file a motion for an extension of time.

**Plaintiffs Freeman & Smith**

The complaint is only signed by Plaintiff Mobley. (*See* ECF No. 1 at PageID 6.) Plaintiffs Freeman and Smith did not sign the complaint and have failed to pay the civil filing fee or submit *in forma pauperis* affidavits with certified copies of their inmate trust account statements. Therefore, the Clerk is **DIRECTED** to mail one copy each of PageID 6, which contains the signature block, to Plaintiffs Freeman and Smith. Plaintiffs Freeman and Smith are **ORDERED** to sign the page and return it within 30 days after the date of this order. Failure to do so will result in dismissal of the plaintiff who fails from this case pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute.

Plaintiffs Freeman and Smith are **ORDERED** to submit, within 30 days after the date of this order, either their individual proportionate shares of the $402 civil filing fee or properly completed and executed *in forma pauperis* affidavits and certified copies of their inmate trust account statements for the last six months. The Clerk is **DIRECTED** to mail Plaintiffs Freeman and Smith each a copy of the prisoner *in forma pauperis* affidavit form along with this order. If additional time is needed to submit the necessary documents, the plaintiff may, within 30 days after the date of this order, file a motion for an extension of time.

If a Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess the proportionate share of a $350 filing fee in accordance with the installment procedure of 28 U.S.C. § 1915(b). However, if a Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis*, assess the plaintiff's proportionate share of the entire $402 filing fee from his inmate trust account without regard to the installment payment procedures, and dismiss the action without further notice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *McGore*, 114 F.3d at 605.[3]

If any plaintiff is transferred to a different prison or released, he is **ORDERED** to notify the Court immediately, in writing, of his change of address. Failure to abide by this requirement may likewise result in the dismissal of this case without further notice, for failure to prosecute.

---

[3] Even a voluntary dismissal by a Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).

IT IS SO ORDERED, this 6th day of December, 2022.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE