UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KENNETH MOBLEY, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 2:22-cv-02276-SHM-tmp |
| ) | |
| WARDEN BOWERS, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER GRANTING PLAINTIFF MOBLEY LEAVE TO PROCEED *IN FORMA PAUPERIS*,
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* FOR PLAINTIFFS FREEMAN & SMITH;
ASSESSING THE FILING FEE AGAINST CERTAIN PLAINTIFFS;
AND DISMISSING CASE IN ITS ENTIRETY WITHOUT PREJUDICE**

On December 6, 2022, the Court entered an order (1) dismissing certain Plaintiffs, (2) directing the remaining Plaintiffs to comply with 28 U.S.C. §§ 1914(a) & 1915(a) or pay their individual proportionate shares of the $402 civil filing fee, and (3) directing Plaintiffs Ronald Freeman and Brett Smith to sign the complaint. (*See* ECF No. 4 (the "December 6 Order") at PageID 15-17.) The remaining plaintiffs, Kenneth Mobley, Ronald Freeman, and Brett Smith, were advised that failure to comply with the Court's orders "will result in dismissal of the plaintiff" for failure to prosecute. (*Id.*)

**Plaintiff Mobley**

Mobley was ordered to submit his individual proportionate share of the civil filing fee or a certified copy of his inmate trust account statement for the last six (6) months within thirty (30) days of the December 6 Order. (ECF No. 4 at PageID 16.) Mobley has not filed the required

information in the instant case.  However, he has filed a motion to proceed *in forma pauperis* and recently been granted leave to proceed *in forma pauperis* in *Mobley v. Department of Justice, et al.*, No. 2:22-cv-02860-SHM-tmp, ECF No. 14 (W.D. Tenn. Mar. 8, 2023).  Based on the information submitted in Case No. 2:22-cv-02860 (*see* Civ. No. 22-2860, ECF Nos. 2 & 16), the Court concludes that Mobley is indigent.  The motion to proceed *in forma pauperis* (Civ. No. 22-2276, ECF No. 2) is GRANTED for Mobley in accordance with the terms of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA").  Mobley's proportionate share of the $350 filing fee shall be assessed in accordance with the installment procedure at 28 U.S.C. § 1915(b). (ECF No. 4 at PageID 17.)

On January 11, 2023, Mobley filed a document entitled Motion to Compel.  (ECF No. 7.) Mobley complains about the unreasonable delay in the disposition of this case and that he has not been given a case number or acknowledgement of filing.  (*Id.* at PageID 30.)[1]  Mobley asks that he be removed from the instant case and seeks to proceed with his *Bivens* filing.[2]  (*Id.* at PageID 31.)  The Court construes this request as a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(a).  Mobley's motion (ECF No. 7) is GRANTED, and he is DISMISSED WITHOUT PREJUDICE from this case.

**Plaintiff Freeman**

The December 6 Order required Freeman to: (1) sign and file the signature page for the complaint; and (2) pay his individual proportionate share of the filing fee *or* file a properly completed and executed *in forma pauperis* affidavit with a certified copy of his inmate trust

---

[1] The Court has since mailed Mobley copies of the docket sheet on April 6, 2023, and April 13, 2023.

[2] The Court understands Mobley to refer to *Mobley v. Dept. of Justice, et al.*, No. 2:22-02860-SHM-tmp (W.D. Tenn. Dec. 15, 2022).

account statement for the last six (6) months. (*See* ECF No. 4 at PageID 16-17.) On December 15, 2022, Freeman filed the signature page for the complaint. (ECF No. 5.) Freeman has not (1) paid his proportionate share of the filing fee or (2) filed a properly completed and executed *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six (6) months.

Freeman was warned that failure to comply with the Court's directive would result in (1) the denial of leave to proceed *in forma pauperis*, (2) assessment of Freeman's proportionate share of the entire $402 filing fee from his inmate trust account without regard to the installment payment procedures, and (3) dismissal of Freeman from the action without further notice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (*See* ECF No. 4 at PageID 17.) Freeman has failed to comply with the December 6 Order. The Court DENIES leave for Freeman to proceed *in forma pauperis*. Freeman's proportionate share of the $402 filing fee shall be assessed, and Freeman is DISMISSED WITHOUT PREJUDICE from this action for failure to prosecute.

**Plaintiff Smith**

The December 6 Order required Smith to: (1) sign and file the signature page for the complaint; and (2) pay his individual proportionate share of the filing fee *or* file a properly completed and executed *in forma pauperis* affidavit with a certified copy of his inmate trust account statement for the last six (6) months. (*See* ECF No. 4 at PageID 16-17.) Smith has failed to sign the signature page of the complaint and to otherwise comply with the December 6, 2022 Order.[3] Smith was warned that failure to sign the sign the signature page "will result in dismissal

---

[3] Smith did not sign the original complaint and has not signed the signature page. Nothing in the record suggests that Smith ever intended to be a part of this action.

of the plaintiff . . . pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute." (*Id.* at PageID 17.)  Smith is DISMISSED WITHOUT PREJUDICE from this action for failure to prosecute.

**Assessment of the Filing Fees**

Notwithstanding the dismissal of this action, the Court is required to assess the civil filing fee because the responsibility for paying the filing fee accrues at the time a complaint is filed. *McGore v. Wrigglesworth,* 114 F.3d at 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea,* 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

It is ORDERED that Mobley and Freeman cooperate fully with prison officials in carrying out this order.  It is ORDERED that the trust fund officer at Freeman's prison shall withdraw from Freeman's trust fund account his proportionate share of the sum of $402 and forward that amount to the Clerk of Court.  It is further ORDERED that the trust fund officer at Mobley's prison shall withdraw from Mobley's trust fund account his proportionate share of the sum of $350 and forward that amount to the Clerk of Court.  If the funds in either Mobley's or Freeman's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all the funds in that Plaintiff's account and forward them to the Clerk of Court.  On each occasion that funds are subsequently credited to the pertinent Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full.  The trust fund officer is not required to remit any balances less than ten dollars ($10.00), unless that amount would constitute the final installment of the civil filing fee, provided that any balance under ten dollars ($10.00) is held in custody for purposes of paying the civil filing

fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into the pertinent Plaintiff's account to bring the balance to ten dollars ($10.00).

Each time that the trust fund officer makes a payment to the Court as required by this Order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District Tennessee,
> 167 N. Main, Ste. 242, Memphis, TN   38103

and shall clearly identify Plaintiff's name and the case number as it appears on the first page of this Order. If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this Order. If Plaintiff fails to abide by these or any other requirements of this Order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on Plaintiff's ability to file future lawsuits in this Court, without additional notice or hearing.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of prison trust fund accounts and to the administrator of the jail to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

**Dismissal of the Case**

With the dismissal of the remaining Plaintiffs, all Plaintiffs in this case have been dismissed without prejudice through a voluntary dismissal or for failure to prosecute. The case is DISMISSED WITHOUT PREJUDICE in its entirety.

IT IS SO ORDERED this 1st day of May, 2023.

                                                      /s/ *Samuel H. Mays, Jr.*
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE